OCONTO FALLS MOTOR CAR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12471.   Promulgated January 16, 1930.

*Walter W. Hammond, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

842

OPINION.

TRUSSELL: The sole issue in this appeal is the propriety of allowing as a deduction from income certain bonuses accrued upon the petitioner's books to the credit of four employees by way of additional compensation for personal services. The salaries paid appear to be modest, and it is conceded by the respondent that the aggregates of the salaries paid and the bonuses entered upon the books will amount to no more than reasonable allowances for the personal services actually rendered. The question for decision is whether as a matter of fact the expense was actually incurred during the taxable year as it must have been by this petitioner on the accrual basis in order to be deductible under the statute. See section 234 (a) (1) of the Revenue Act of 1918.

A series of unfortunate occurrences conspired to lend some color to a presumption by the respondent that the expenses were not incurred during the taxable year, but we are not inclined to attach weight and materiality to them. Thus it appears that the failure of the bookkeeper to accrue the expenses upon the books until February 28 of the following year was nothing more than a matter of forgetfulness or misunderstanding on her part. Again, the failure to enter upon the minutes a formal record of the decisive action taken by the directors in the latter part of the taxable year with relation to the bonuses was due simply to the fact that the petitioner was a close corporation in which the principal stockholders were

also the directors and the administrative officers, who were frequently in personal contact with relation to business affairs, and more formal procedure did not appear to them necessary under the circumstances. The fact that the liabilities for the bonuses recorded upon the books were never discharged in cash, and, after four or five years, were actually written off against certain bad debts is shown to have been due to disastrous developments which were totally unforeseen at the end of the taxable year, and being wholly subsequent are, therefore, not material to the issue here before us. We are satisfied that the cancellations bear no significance to the present issue.

On the other hand, it appears from the record that the low salaries authorized at the beginning of the year were the subject of continual debate during the year, and as early as September of the taxable year the employees had been definitely assured that some form of procedure would be adopted to increase their compensation. In the latter part of December affirmative action was taken when all of the interested parties met and amounts of additional compensation of $1,000 to each of four employees were agreed upon and were authorized by the directors, with the understanding, however, that the liabilities would be merely accrued upon the books and they would not be discharged in cash until some time in the following year when the necessary cash was expected to be realized from the deferred payments outstanding and due from customers. We think the parties intended and they actually did definitely set up a liability to the employees during the taxable year; consequently, the deduction of $4,000 claimed should be allowed. This conclusion is in line with a great many of our prior decisions, including such cases as *Reub Isaacs & Co.*, 1 B. T. A. 45; *Savinar Co.*, 9 B. T. A. 465; *Detroit Vapor Stove Co.*, 4 B. T. A. 1043; *Canton Art Metal Co. et al.*, 6 B. T. A. 446; *Becker Paper Co.*, 10 B. T. A. 523; and *Rock Island Sash & Door Works*, 13 B. T. A. 635.

*Judgment will be entered pursuant to Rule 50.*